107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shirley T. FISHER and Gloria Caruthers, Plaintiffs-Appellants,
v.
CIGNA HEALTH CARE, INC. and John Breitsch, Defendants-Appellees.
 No. 96-3029.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 15, 1997.
Decided Jan. 31, 1997.
 
 Before FLAUM, EASTERBROOK and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Shirley Fisher and Gloria Caruthers, both black women, appeal the summary judgment entered against them on their complaint of racial discrimination in employment.
 
 
 2
 Both women worked many years (Fisher from 1967 and Caruthers from 1975) in a Merrillville, Indiana, insurance company office. Both had been hired initially by Equitable Life Assurance Society, but at the end of 1990 the company was owned by CIGNA Corporation. Beginning with a downsizing in July 1992, which resulted in the layoff of 15 employees, several changes occurred at the Merrillville office. The downsizing was due to an undisputed decline in business. In 1993, an immediate supervisor resigned. His position was filled on a temporary basis, and later a notice was posted for a permanent replacement. Both Fisher and Caruthers, who at this time were "section managers," applied for the spot. Fisher was eliminated from consideration for the position in the first round of interviews. Caruthers made it to the second round, but ultimately the job went to a white woman who the company said was better acquainted with the new "team" management style which was to be put into effect at Merrillville.
 
 
 3
 The office underwent another reorganization in September 1993. This reorganization resulted in the elimination of the plaintiffs' positions but left one other position for a claims service manager. Both women were encouraged to bid for that position. Caruthers did and was given the job, which she contends was actually a demotion from her previous position. Fisher did not bid and was terminated in October 1993. The Merrillville office was closed in December of 1994.
 
 
 4
 Both women filed charges of discrimination with the Equal Employment Opportunity Commission alleging that they were not promoted because of their race. Following receipt of their notices of right to sue, they filed complaints in federal court, pursuant to 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1981. As had their administrative charges of discrimination, their complaint contains Title VII claims that they were denied promotions based on race, and it also contains allegations, pursuant to Title VII, that, based on race, Fisher was constructively discharged and Caruthers was demoted and harassed. The claims based on a failure to promote and harassment were also brought under § 1981. As the lawsuit progressed, claims of retaliation also slipped into the case.
 
 
 5
 CIGNA moved for summary judgment in the district court, and Magistrate Judge Andrew P. Rodovich (who had jurisdiction with the parties' consent) carefully and thoroughly considered the claims and the facts. He concluded that the Title VII claims of constructive discharge and demotion were not properly before him because they had not been presented to the EEOC and did not implicate the same individuals or the same conduct as the claim which had been presented to the EEOC. Further, he found that Fisher could not prevail on the merits of her constructive discharge claim, nor could Caruthers prevail on her claims of harassment and retaliation. As to the claim which had been included in the EEOC charge, the magistrate judge placed on the plaintiffs the lesser burden appropriate to a summary judgment motion, Anderson v. Baxter Healthcare Corp., 13 F.3d 1120 (7th Cir.1994), but nevertheless found that they could not show that the company's proffered reasons for its promotion decision was pretextual.
 
 
 6
 Our responsibility is to consider the issues de novo. Our analysis of the EEOC charge as compared to the district court complaint leads us to the conclusion reached by the magistrate judge regarding the Title VII claims. We have stated on previous occasions that a plaintiff may pursue a claim not explicitly included in an EEOC charge only if the allegations fall within the scope of the charges which are made. Cheek v. Peabody Coal Co., 97 F.3d 200 (7th Cir.1996); Harper v. Godfrey Co., 45 F.3d 143 (7th Cir.1995).
 
 
 7
 We have also reviewed the factual record and, like the magistrate judge, find that it is barren. There is no admissible evidence which would allow a rational fact finder to conclude that the reasons articulated for the hiring of Karol Kindl, rather than the promoting of either plaintiff, to the position of regional claims director was pretextual. We decline to repeat the discussion already thoroughly and correctly performed by the magistrate judge, and instead we adopt his findings as our own. We agree with him that there is nothing in Kindl's resume that indicates she was not at least as qualified as Fisher and Caruthers. In fact, her "score" during the interview process--150.5 out of 182--suggests that she was more qualified than the second place finisher, who had a 119.5, or Caruthers, who finished in the show position with a 71.5 tally. The primary "evidence" on which Fisher and Caruthers rely to show discrimination is found in their own affidavits and in the affidavit of their former supervisor. This "evidence" consists of vague hearsay statements and, in effect, statements of their feelings that discrimination was at work in the decision-making process. They have not presented anything concrete from which a rational fact finder could even infer, let alone find, pretext. For that reason, the decision of the district court must be affirmed.