Mary Gossman **RUEDLINGER,**
**Plaintiff–Appellant,**

v.

**Robert L. JARRETT, Individually and d/b/a Jarrett Management Company, Defendant–Appellee.**

No. 96–2098.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 7, 1997.

Decided Feb. 5, 1997.

sessions he claims were still inside, but Spiegel is    not asserting a property seizure in this appeal.

S. Anthony Long (argued), Boonville, IN, for plaintiff–appellant.

David V. Miller (argued), David E. Gray, Bowers, Harrison, Kent & Miller, Evansville, IN, for defendant–appellee.

Before FAIRCHILD, CUMMINGS and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff-appellant, Mary Gossman Ruedlinger, filed a complaint pursuant to 42 U.S.C. § 2000e–3(a) alleging retaliatory employment practices and a breach of pre-determination settlement agreement by defendant-appellee, Robert L. Jarrett, individually and d/b/a Jarrett Management Company. Plaintiff's complaint alleges that she and defendant had entered into a predetermination settlement agreement resolving a charge of discrimination brought on her behalf by the Equal Employment Opportunity Commission (the "EEOC") against defendant. As part of that settlement agreement, both parties were required to keep all matters relating to the charge confidential. Plaintiff's complaint alleges that defendant thereafter breached the agreement by contacting her subsequent employer and discussing matters that were to remain confidential under the agreement. Plaintiff claims that the disclosure of this information resulted in her termination from her subsequent job.

On January 11, 1996, the district court dismissed both of plaintiff's claims for failure to state a claim upon which relief may be granted under Title VII of the Civil Rights Act of 1964. The court believed the primary question to be whether a former employer's actions taken after a plaintiff has been terminated are within the scope of the remedies of Title VII. After observing that there is dis-

agreement among the circuits, the district court asserted that "the Seventh Circuit Court of Appeals has unequivocally held that 'post-termination events are not actionable under § 2000e–3(a).'" *Ruedlinger v. Regency Club Apartments*, Memorandum Opinion at 3 (S.D.Ind. January 11, 1996) (citing *Koelsch v. Beltone Electronics Corp.*, 46 F.3d 705, 709 (7th Cir.1995), which in turn cited *Reed v. Shepard*, 939 F.2d 484, 493 (7th Cir.1991)). Accordingly, the court concluded that because plaintiff had alleged only acts or statements that occurred after the termination of her employment by defendant as the basis for her retaliation and breach of settlement agreement claims, she had no claim for relief under 42 U.S.C. § 2000e–3(a).

Plaintiff challenges the district court's dismissal of her claims. In light of this Court's decision in *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881 (7th Cir.1996), we agree and reverse.

### The Retaliation Claim

The plaintiff first asserts that the district court erred by dismissing her retaliation claim. 42 U.S.C. § 2000e–3(a), the statutory provision upon which plaintiff relies, provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

█ Defendant argues, and the district court agreed, that plaintiff's retaliation claim, which is based on acts occurring only after her employment by defendant was terminated, must fail because this Court has held that post-termination events, like those in this case, are not actionable under § 2000e–3(a), citing *Koelsch*, 46 F.3d 705, and *Reed*, 939 F.2d 484. Plaintiff essentially conceded this point in her brief and in oral argument before this Court, but she argued that we should overrule those cases and follow the

lead of several of our sister circuits, which have taken the opposite position.

However, this Court's decision in *Veprinsky v. Fluor Daniel, Inc.,* 87 F.3d 881, issued subsequent to the district court's memorandum opinion, explicitly contradicts defendant's and the district court's assertions regarding the actionability of post-termination events under § 2000e–3(a) and makes review of *Koelsch* and *Reed* unnecessary. In that case, the plaintiff asserted that the defendant, his former employer, had, among other things, retaliated against him by disclosing his pending EEOC charge to an employee placement firm and by providing inaccurate information to his new employer that contradicted information the employee had provided to his new employer. The district court granted summary judgment for the former employer, and this Court reversed, holding that "former employees, insofar as they are complaining of *retaliation that impinges on their future employment prospects or otherwise has a nexus to employment,* do have the right to sue their former employers" under 42 U.S.C. § 2000e–3(a). Id. at 891 (emphasis added); see also *E.E.O.C. v. CNA Insurance Companies,* 96 F.3d 1039, 1045 (7th Cir.1996) (recognizing the same right). The *Veprinsky* opinion clearly explains why the holdings of *Koelsch* and *Reed* do not lead to a contrary conclusion, and we will not repeat that reasoning here.

Simply put, plaintiff has alleged retaliatory acts that impinge on her "future employment prospects or otherwise ha[ve] a nexus to employment" within the meaning of *Veprinsky,* and, as a result, plaintiff's allegations regarding defendant's contact with her subsequent employer may be pursued under 42 U.S.C. § 2000e–3(a). Accordingly, the district court improperly dismissed plaintiff's retaliation claim.

### The Breach of Pre-determination Settlement Agreement Claim

█ The plaintiff next challenges the district court's dismissal of her claim for a breach of pre-determination settlement agreement. Unlike the plaintiff's retaliation claim discussed above, the viability of a private plaintiff's claim for breach of pre-determination settlement agreement under Title VII has not been directly addressed by this Court. However, in *E.E.O.C. v. Liberty Trucking Co.,* 695 F.2d 1038, 1040 (7th Cir. 1982), this Court held that the EEOC may seek enforcement of a conciliation agreement * under Title VII, reasoning that:

> Although Title VII does not explicitly provide the EEOC with the authority to seek enforcement of conciliation agreements in the federal courts, we conclude that Congress intended to provide the EEOC with a federal forum to enforce conciliation agreements.

We emphasized the need to place "great weight on the important remedial purposes of [Title VII], recognizing that a hyper-technical construction of Title VII is inappropriate." *Id.* In a footnote, this Court suggested that there was no relevant distinction between conciliation agreements and pre-determination settlement agreements for purposes of jurisdiction under Title VII, because our decision turned "on the voluntary nature" of such agreements. *Id.* at 1044 n. 7.

Defendant again relies on the retaliation cases of *Koelsch* and *Reed* as supporting a "general rule that post-termination actions cannot give rise to a right of action under Title VII" and argues that there should be no exception to that rule "where those post-termination actions allegedly result in the violation of a settlement agreement between the parties." Brief, p. 5. *Veprinsky* was decided the day before plaintiff's brief was filed, and, unfortunately, both parties overlooked it. The district court had not had the benefit of it. As we discussed above, *Veprinsky* dealt with the language concerning post-termination events in both *Reed* and *Koelsch,* and states that former employees *do* have a

---

* Title VII requires the EEOC to try to eliminate an alleged unlawful employment practice through informal methods of conciliation. 42 U.S.C. § 2000e–5(b). A conciliation agreement is entered into among the parties following an EEOC investigation and determination of reasonable cause. In contrast, as a result of "an increasing backlog of charges resulting from time consuming investigations," *E.E.O.C. v. Henry Beck Co.,* 729 F.2d 301, 303 (4th Cir.1984), EEOC regulations specifically provide for negotiated settlements in the form of predetermination settlement agreements, which are entered into prior to any determination as to reasonable cause.

right to sue their former employers under § 2000e–3(a) if they are complaining of acts of retaliation that impinge on future employment opportunities. In reaching that holding, this Court relied on both the language of § 2000e–3(a) and on policy and legislative purpose arguments.

Although this Court has not extended explicitly the holding of *Liberty Trucking* to allow private plaintiffs an actionable right with respect to pre-determination settlement agreements, at least one other circuit and one district court within our circuit have so held. See *Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503 (11th Cir.1985); *Sherman v. Standard Rate Data Service, Inc.,* 709 F.Supp. 1433 (N.D.Ill.1989); see also *Henry Beck Co.,* 729 F.2d 301 (federal courts have jurisdiction over EEOC action to enforce pre-determination settlement agreements); *Winters v. Iowa State University,* 768 F.Supp. 231 (N.D.Ill.1991) (apparently assuming that a plaintiff may sue for breach of settlement agreement under the anti-retaliation provision of Title VII). We agree with the Eleventh Circuit's statement in *Eatmon,* 769 F.2d at 1510, that:

> All of the reasons that support Title VII jurisdiction over such actions when brought by the EEOC apply with equal force to actions brought by the aggrieved employees to enforce conciliation agreements entered into by the EEOC, their employers and themselves. The congressional goal of enforcing Title VII through conciliation and voluntary compliance would be hampered if employees could not seek to enforce in federal courts conciliation agreements between themselves, their employers and the EEOC.

(citations omitted). Likewise, as this Court suggested in *Liberty Trucking,* we see no relevant distinction between conciliation agreements and pre-determination settlement agreements for purposes of jurisdiction under Title VII, because the most relevant characteristic of both types of agreements for purposes of our analysis is their voluntary nature. 695 F.2d at 1044 n. 7; see also *Henry Beck Co.,* 729 F.2d at 303. Accordingly, we hold that private plaintiffs may bring an action under Title VII to enforce a pre-determination settlement agreement, and the district court erred in dismissing the plaintiff's second claim for failure to state a claim upon which relief may be granted under Title VII.

**Conclusion**

For the reasons discussed above, the decision of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

