139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donna B. FISCHER, Plaintiff-Appellant,
v.
AT & T CORP., Defendant-Appellee.
 No. 97-2456.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 C 4718 Wayne R. Andersen, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Donna B. Fischer had been employed by AT & T Corporation ("AT & T") for approximately fourteen years when she was terminated in April 1984. Nearly a decade later, Fischer filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that AT & T retaliated against her for filing a charge of discrimination against AT & T in 1984 and a lawsuit based on that charge in 1986. The alleged retaliation consisted of a negative employment reference that AT & T purportedly gave to Northbrook Hilton ("Hilton") concerning Fischer's skills. Fischer subsequently filed suit, claiming retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The district court granted summary judgment in favor of AT & T, and this appeal followed. We affirm.
 
 
 2
 In December 1993 Fischer applied for and allegedly was offered a secretarial position with Hilton, contingent on a reference check. According to Fischer, the offer of employment was revoked because Bernard Sergesketter, former Vice President of AT & T's Central Region, told an employee in Hilton's executive office that Fischer lacked the requisite skills for the position. Fischer maintains that a woman from Hilton's executive office telephoned her with this information, but Fischer could not identify the caller.
 
 
 3
 Sergesketter denied communicating with Hilton regarding Fischer or her employment at AT & T. He attested that AT & T had a policy for handling reference requests for former employees, requiring all reference requests to be forwarded to the AT & T Employment Verification Center. Individual officers and employees of AT & T were prohibited from responding directly to reference requests from prospective employers regarding former AT & T employees. Other than Fischer's own testimony, the only evidence that Hilton may have even contacted Sergesketter is the fact that his name and telephone number were written on the top of Fischer's employment application.
 
 
 4
 Fischer maintains that Sergesketter's name was the only name she gave Hilton to contact for a reference. However, attached to Fischer's employment application is a handwritten note from Mary Wolff, Director of Sales and Marketing, to Gloria Green, Personnel Manager, which reads: "Will not hire. Poor references from past employers." Fischer's employment application lists four past employers, including AT & T, as well as her supervisors at each place of employment.
 
 
 5
 Fischer makes numerous arguments on appeal, all of which are either beyond the scope of her EEOC charge or meritless.[1] We limit our discussion here to Fischer's argument that a genuine issue of material fact exists with respect to her claim of retaliation.
 
 
 6
 We review the district court's award of summary judgment de novo, viewing all facts and inferences in the light most favorable to the non-moving party. See Essex v. United Parcel Service, Inc., 111 F.3d 1304, 1308 (7th Cir.1997); Oates v. Discovery Zone, 116 F.3d 1161, 1165 (7th Cir.1997). Summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).
 
 
 7
 Post-termination acts of retaliation that undermine a former employee's future employment prospects or otherwise have a nexus to employment are actionable under Title VII, 42 U.S.C. § 2000e-3. See Robinson v. Shell Oil Co., 519 U.S. 337, ----, 117 S.Ct. 843, 849, 136 L.Ed.2d 808 (1997); Ruedlinger v. Jarrett, 106 F.3d 212, 214 (7th Cir.1997); Veprinsky v. Fluor Daniel, Inc., 87 F.3d 881, 891 (7th Cir.1996). Although Fischer has no direct evidence of retaliation, she may create an inference of retaliation using the familiar burden-shifting framework established by McDonnell Douglas Corp. v.. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case of retaliation, Fischer must show that "(1) she engaged in ... 'statutorily protected expression' (i.e., reporting or otherwise opposing conduct prohibited by Title VII ... ), (2) that she suffered an adverse, job-related action by her employer ..., and (3) there is a causal link between her opposition to unlawful discrimination and [the adverse action]." Gleason v. Mesirow Fin., Inc., 118 F.3d 1134, 1146 (7th Cir.1997).
 
 
 8
 Fischer's 1984 charge of discrimination and her 1986 lawsuit against AT & T constitute protected expression. However, Fischer fails to show that AT & T took adverse action against her, that is, that Sergesketter ever gave Fischer a negative reference.
 
 
 9
 Fischer's own testimony on the subject is based on the purported statement of an unidentified person in Hilton's executive office, informing Fischer that the offer of employment was revoked based on the negative reference given by Sergesketter. The substance of this conversation is inadmissible hearsay because it is an out-of-court statement "offered ... to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The law is well established that "a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment." Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir.1996) (citation omitted). See Winskunas v. Birnbaum, 23 F.3d 1264, 1267-68 (7th Cir.1994) (to defeat motion for summary judgment, nonmoving party must produce "evidence of evidentiary quality," i.e., admissible evidence). Therefore, Fischer cannot rely on her testimony to raise a genuine issue of material fact as to whether AT & T took adverse action against her.
 
 
 10
 Fischer attempts to show that Sergesketter is the only person who could have given her a negative reference. However, she offers no evidence that the other employers listed on her employment application were not contacted by Hilton, that they never responded to Hilton's reference check, or that they gave her a favorable reference. Instead, Fischer contends that if her other employers had been contacted, there would be evidence to that effect in the record. Fischer posits that if Hilton intended to contact more than one person for a reference, it would have asked for more than one name and written it along with Sergesketter's name on the top of her employment application. Fischer cannot defeat AT & T's motion for summary judgment by speculating about the absence of certain evidence in the record. Rather, she must come forward with specific evidence demonstrating that Sergesketter gave her an unfavorable reference. See Patel v. Allstate Ins. Co., 105 F.3d 365, 370 (7th Cir.1997).
 
 
 11
 The only admissible evidence linking Sergesketter to the alleged negative reference is the fact that his name and telephone number are written on the top of Fischer's employment application. However, the mere presence of Sergesketter's name and telephone number on Fischer's employment application is not an adequate basis from which to infer that Fischer's "poor references" came from Sergesketter. This inference might be plausible if Fischer had not provided Hilton with the names and telephone numbers of her supervisors from three other former employers, and if the note attached to Fischer's employment application had not stated that Fischer received "poor references from past employers." This evidence, coupled with Sergesketter's denial of having communicated with Hilton about Fischer, makes it unreasonable to infer that Sergesketter gave Fischer a negative reference. Therefore, Fischer has failed to demonstrate that AT & T took adverse action against her, defeating her prima facie case of retaliation.
 
 
 12
 Even if we inferred that AT & T was one of the past employers that gave Fischer a negative reference, she offers no evidence establishing a causal connection between the adverse action and her protected expression--her 1984 charge of discrimination and her 1986 lawsuit against AT & T, which was dismissed. The passage of nearly a decade between Fischer's protected expression and the alleged adverse action severs any causal connection between the two based on proximity in time. Without any evidence linking the alleged negative reference to Fischer's complaints of discrimination, she cannot establish a prima facie case of retaliation.
 
 
 13
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Fischer's EEOC charge of discrimination is limited to the job offer revoked by Hilton in connection with AT & T's alleged inaccurate reference. Fischer states in the charge that she interviewed for a job on December 27, 1993, and the latest date of retaliation occurred on December 29, 1993. Fischer's complaint exceeds the scope of her EEOC charge, alleging that AT & T retaliated against her by conspiring with many of her post-AT & T employers and prospective employers to keep her out of the workforce. We will not address these claims because Fischer's EEOC charge was limited to the negative employment reference allegedly given to Hilton. See Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir.1992) ("[T]he scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC. An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."); cf. Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir.1996) (plaintiff may pursue allegations not explicitly included in the EEOC charge only if they are "like or reasonably related to" the allegations in the charge)