**Wayne A. HYRE, Plaintiff,**

v.

**UNIVERSITY OF ILLINOIS, Defendant.**

**No. 98–cv–2188.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Sept. 21, 1998.

Wayne A. Hyre, Tolono, IL, pro se.

## ORDER

MCCUSKEY, District Judge.

The plaintiff, Wayne A. Hyre, has brought a civil rights action under 42 U.S.C. § 2000e. The plaintiff claims that the defendant, the University of Illinois (the "University"), discriminated against him, in violation of Title VII. More specifically, the plaintiff alleges that the defendant forced him to resign after a female co-worker falsely accused him of sexual harassment. This matter is before the court for consideration of the plaintiff's petitions to proceed *in forma pauperis* and for appointment of counsel. For the reasons stated in this order, the petitions will be denied and the case will be dismissed.

■ An indigent plaintiff in a civil rights action may apply to proceed without prepayment of fees, and for appointment of counsel under 28 U.S.C. § 1915(a) & (e)(1). *See McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982). Under 28 U.S.C. § 1915(e)(2)(B), however, the court must dismiss the action if it determines that the action "is frivolous or malicious [or] fails to state a claim on which relief may be granted." An action is frivolous if it "lacks an arguable basis either in law or fact." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (*quoting Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

### DISCUSSION

The plaintiff essentially claims that the University asked him to resign over a false claim of sexual harassment and therefore has discriminated against him because of his gender. Even accepting his factual allegations as true, however, the court discerns no federal cause of action.

■ Title VII forbids an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin...." 42 U.S.C. § 2000e–2. To prevail on a disparate treatment claim under Title VII, the plaintiff must show that he was a victim of intentional discrimination. *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir.1993), *cert. denied,* 511 U.S. 1005, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994). Such a claim "requires an inquiry into the defendant's state of mind" and proof that "the defendants subjectively intended to discriminate against the plaintiff on account of a protected trait." *E.E.O.C. v. Chicago Miniature Lamp Works,* 947 F.2d 292, 297 (7th Cir.1991)

■ In a disparate treatment case such as this, where the treatment of a single employee is at issue, the plaintiff can satisfy his burden of proof either through direct or circumstantial evidence of discriminatory intent.

*Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). He may also employ the indirect burden-shifting method of proof described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To raise a prima facie case of sex discrimination under the *McDonnell Douglas* burden-shifting method, the plaintiff must show that (1) he belongs to a protected class (in this case, males); (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the defendant treated similarly-situated female employees more favorably. *See McDonnell Douglas,* 411 U.S. at 802–03, 93 S.Ct. 1817; *Cheek v. Peabody Coal Co.,* 97 F.3d 200, 204 (7th Cir.1996).

In this case, the plaintiff essentially alleges that someone he worked with wanted to get rid of him. Sometime after that, a female co-worker lodged a false claim of sexual harassment against him. The University investigated the matter, but did not allow the plaintiff to express himself fully. The University ultimately asked the plaintiff to resign, assuring him that he could seek other employment with the University. However, the plaintiff's name does not appear on the registry for employment.

■ The plaintiff has failed to state a claim of sex discrimination under Title VII. At this stage, the court accepts the plaintiff's version of events as true and draws all inferences in a light most favorable to him. However, even if this court views the University's alleged actions in the most sinister light, those actions do not suggest gender discrimination. At worst, the University deferred to a co-worker's personal animus against the plaintiff and forced him to resign, underhandedly using an unfounded sexual harassment charge as a pretext. That action might have been unfair, but nothing suggests that the plaintiff's gender motivated it. As the Eleventh Circuit observed: "Title VII prohibits discrimination; it 'is not a shield against harsh treatment at the work place'.

Personal animosity is not the equivalent of sex discrimination and is not proscribed by Title VII. The plaintiff cannot turn a personal feud into a sex discrimination case by accusation." *McCollum v. Bolger,* 794 F.2d 602, 610 (11th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987) (*quoting Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir.1984)).

Furthermore, the plaintiff has not satisfied the fourth element of his prima facie case, that others, similarly situated but not of the protected class, were favored. Specifically, the plaintiff must allege that the University treated its female employees accused of sexual harassment more leniently than it treated him. *See Morrow v. Wal–Mart Stores, Inc.,* 152 F.3d 559 (7th Cir.1998) (holding that male plaintiffs alleging sexual discrimination based on their dismissal for sexual harassment must demonstrate that defendant handled female employees accused of sexual harassment more leniently). Selective enforcement of an employer's policies against one gender and not another would undoubtedly constitute sexual discrimination under Title VII. *Morrow,* 152 F.3d 559, 563 n. 3. The plaintiff, however, makes no such allegation, and therefore fails to state a prima facie case of gender discrimination.

In sum, the plaintiff has failed to articulate a colorable claim under Title VII. Accordingly, the plaintiff's complaint must be dismissed, and his motions to proceed *in forma pauperis* and for appointment of counsel are denied as moot.

IT IS THEREFORE ORDERED that the case is dismissed under 28 U.S.C. § 1915(e)(2)(B), and the plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel are denied.