In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2456

SYED M. ALAM,

*Plaintiff-Appellant*,

*v.*

MILLER BREWING COMPANY, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:10-cv-00512-RTR—**Rudolph T. Randa,** *Judge.*

ARGUED NOVEMBER 30, 2012—DECIDED FEBRUARY 27, 2013

Before BAUER, ROVNER, and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge*. Syed Alam brought suit against Miller Brewing Company and MillerCoors LLC under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging that MillerCoors, at the direction of Miller Brewing, refused to do business with him in retaliation for a discrimination suit

previously filed by Alam against Miller Brewing.[1] The district court dismissed the suit, concluding that Alam had failed to sufficiently allege that MillerCoors was Alam's "employer" for purposes of Title VII and that Alam had failed to exhaust administrative remedies against Miller Brewing. We affirm.

## I. BACKGROUND

In 2005, Alam filed an employment discrimination lawsuit under Title VII against Miller Brewing, his former employer. Alam and Miller Brewing settled the case in 2006. At some point thereafter, Alam, whose company Alam & Company provides software and consulting services to the brewing industry, approached MillerCoors about developing a software prototype for MillerCoors and its distributors. MillerCoors is a joint venture between Miller Brewing and Coors Brewing Company. MillerCoors told Alam that if he developed the software prototype, MillerCoors would give him an opportunity to make a sales presentation for the prototype to MillerCoors executives.

After Alam spent over two months working to develop the prototype and collaborating with MillerCoors

---

[1] The initial suit also named Coors Brewing Company as a defendant and Alam & Company LLC as a plaintiff. Alam does not appeal the dismissal of Coors from the suit, and Alam & Company did not appeal the district court's ruling, so we omit discussion of Coors and Alam & Company except as pertinent to the remaining claims.

employees, however, MillerCoors indicated that it would no longer consider working with Alam. Mike Pelto, the Senior Director of IT and Vendor Management at MillerCoors, told Alam that he would not work or meet with Alam because of Alam's prior lawsuit against Miller Brewing. Pelto had previously worked as a manager and member of the Executive Committee of the IT Department at Miller Brewing and knew about Alam's lawsuit against Miller Brewing. MillerCoors thereafter refused to allow Alam to pursue business opportunities with MillerCoors.

On June 10, 2009, Alam received a letter from counsel for MillerCoors that stated in part:

> When you pressed him, Mr. Pelto also said that you needed to talk to me, because he knew there had been issues in the past, but he was not part of that and I was the one with whom you needed to follow up. . . . As I indicated during our conversation, MillerCoors is not interested in engaging you or your company. In addition to what Mr. Pelto explained to you about our strategic sourcing model, MillerCoors has made his decision based on the terms of Paragraph 8 of the settlement and release agreement dated January 17, 2006 (the "Settlement Agreement["]). Paragraph 8 of the Settlement Agreement provides: "I agree not to reapply for employment with or otherwise work for or provide services to Miller Brewing Company . . . or any of its parent, affiliates or subsidiaries."

Alam received another letter from MillerCoors' counsel on June 29, 2009, which stated in part:

> Miller Brewing Company paid you a substantial sum to resolve the litigation and ensure that it and its related entities would never have to deal with you again. Obviously, a primary purpose of paragraph 8 of the Release was to ensure that no entity in which Miller Brewing Company had an ownership interest and thus from which Miller Brewing Company derived profit or loss would ever have to risk dealing with you as an employee or other form of service provider.

Alam claimed, on information and belief, that these letters were sent at the behest of Miller Brewing, and that Miller Brewing directed MillerCoors to deny Alam the opportunity to present the prototype he created to executives at MillerCoors because of his previous discrimination lawsuit against Miller Brewing.

Alam filed a charge of discrimination against MillerCoors with the Equal Employment Opportunity Commission ("EEOC") on December 5, 2009. After the EEOC issued Alam a right-to-sue notice on March 22, 2010, Alam initiated suit against Miller Brewing and MillerCoors, alleging a retaliation claim under Title VII and a state law claim for promissory estoppel.

Miller Brewing and MillerCoors filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted on December 16, 2010. The district court concluded that the complaint failed to state a retaliation claim against MillerCoors because it did not plausibly suggest that MillerCoors was Alam's

"employer" for purposes of Title VII. As to Alam's retaliation claim against Miller Brewing, the district court concluded that it failed because Alam had not named Miller Brewing in his EEOC charge nor sufficiently alleged that this lapse could be excused pursuant to *Eggleston v. Chi. Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) (permitting Title VII claim to proceed against a defendant not named in the plaintiff's EEOC charge). The district court permitted Alam to file an amended complaint, which Alam did on January 12, 2011. After this filing, Alam's counsel withdrew and Alam proceeded *pro se*.

Miller Brewing and MillerCoors again moved to dismiss the amended complaint under Rule 12(b)(6). On May 26, 2011, the district court granted the motion as to Alam's federal claims, concluding that the amended complaint did not cure the deficiencies identified in the district court's previous order. The district court also relinquished jurisdiction over Alam's state promissory estoppel claim and entered final judgment. On June 13, 2011, Alam wrote a letter to the district court requesting leave to file a second amended complaint. The district court construed the letter as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment and, on August 4, 2011, denied the motion. On June 28, 2012, while Alam's Rule 59(e) motion was still pending, Alam filed a notice of appeal.[2]

---

[2] Alam accordingly does not appeal the district court's denial of his motion under Rule 59(e). Fed. R. App. P. 4(a)(1); *Ackerman*
(continued...)

## II. DISCUSSION

Alam contends that the district court erred in dismissing his complaint against Miller Brewing and MillerCoors. We review *de novo* a dismissal under Rule 12(b)(6) for failure to state a claim. *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). To avoid dismissal, Alam's complaint must contain allegations that " 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing the sufficiency of a complaint under the plausibility standard, we accept the well-pleaded facts in the complaint as true, but we "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557, 127 S.Ct. 1955. This does not impose a probability requirement on plaintiffs: "a well-pleaded complaint may proceed even if it strikes a savvy judge that

---

[2] (...continued)

*v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468 (7th Cir. 1999) ("The notice of appeal from the order dismissing their suit could not bring up an order entered later." (citations omitted)).

actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 127 S.Ct. 1955 (citation omitted).

## A. Dismissal of Miller Brewing

Alam first argues that the district court erred in dismissing his Title VII claim against Miller Brewing for failure to exhaust administrative remedies. Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e-5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citing *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)). This requirement "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (citation omitted). With this two-fold purpose in mind, we have recognized an exception to the rule that a party not named in the EEOC charge is not subject to suit under Title VII where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]" *Eggleston*, 657 F.2d at 905 (citations omitted).

Alam does not dispute that he named only MillerCoors, and not Miller Brewing, in his EEOC charge. He contends, however, that his claims against Miller Brewing should be allowed to proceed under the exception recognized in *Eggleston*, and that the district court misconstrued the exception by requiring Alam to "prove" that Miller Brewing had notice of the EEOC charge. But the district court required no such "proof," as that would be inappropriate at the pleadings stage. Instead, the district court properly interpreted our precedent to require that Alam allege that Miller Brewing had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings. *See Tamayo*, 526 F.3d at 1089 (affirming dismissal of Title VII claim under Rule 12(b)(6) against defendant not named in EEOC charge where the complaint alleged that while the defendant had notice that an EEOC charge had been filed against someone, the complaint did not allege that the defendant had notice that a charge "had been filed against *it*"); *Schnellbaecher*, 887 F.2d at 127 (affirming dismissal of Title VII claim against defendant parent corporation where the parent corporation only had notice of charges against the subsidiary corporation and did not have notice "of any charges against *it*, nor did it have any opportunity to conciliate on its own behalf"); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (dismissing complaint where plaintiff did not "allege[ ] any facts which warrant an exception to the general rule that a party not named in the EEOC charge cannot be sued under Title VII" (citations omitted)).

Despite having the opportunity to file an amended complaint after the district court indicated that Alam's

original complaint did not "plausibly suggest that the *Eggleston* exception applies here," Alam failed to allege *any* facts in the amended complaint regarding whether Miller Brewing had notice of an EEOC charge or an opportunity to participate in conciliation proceedings. The amended complaint, like the initial complaint, alleges only that Alam's EEOC charge named MillerCoors. But as we have previously held, the fact that one entity had notice of the charges against it is insufficient to satisfy the *Eggleston* exception as to a related entity that did not have notice of a charge against it or an opportunity to conciliate that charge. *See Tamayo*, 526 F.3d at 1089; *Olsen*, 267 F.3d at 604 ("Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf." (citation omitted)).

Alam claims that he did not need to allege any facts pertaining to the *Eggleston* exception because he alleged that he "exhausted all of [his] administrative remedies and h[as] satisfied all conditions precedent to bringing this action." *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). But Alam specifically alleged that he submitted an EEOC charge naming only MillerCoors, not Miller Brewing. He therefore cannot rest on his allegation that he "exhausted all of his administrative remedies" when he admits he did not fulfill a prerequisite to main-

taining a Title VII action against Miller Brewing and, instead, seeks to avail himself of the narrow exception toTitle VII's charge filing requirement that we have recognized. Moreover, as we have noted, the district court highlighted this deficiency in Alam's initial complaint and gave him an opportunity to plead additional facts that plausibly suggested that the *Eggleston* exception applied here. But Alam did not add a single additional factual allegation pertinent to the *Eggleston* exception in his amended complaint, so we conclude that the district court properly dismissed Alam's Title VII claim against Miller Brewing for failure to exhaust administrative remedies.

### B. Dismissal of MillerCoors

Alam next argues that the district court erred in dismissing his claims against MillerCoors because MillerCoors was not Alam's "employer" for purposes of Title VII. Title VII's anti-retaliation provision makes it "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). While individuals are protected from retaliation by their former employers, *Ruedlinger v. Jarrett*, 106 F.3d 212, 214 (7th Cir. 1997); *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996); *see generally Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) (holding that a former employee may bring an action under Title VII's retaliation provision), and as applicants for employment, 42 U.S.C. § 2000e-3(a), Alam

has not alleged that he applied for employment with MillerCoors or that he was ever employed by MillerCoors. Instead, as the district court concluded and as Alam does not dispute, his prospective status in relation to MillerCoors was that of an independent contractor, which does not fall within the protections of Title VII. *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1996) (quoting *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991)).[3]

The fact that Alam has not alleged a direct employment relationship with MillerCoors is not fatal to his Title VII claim against MillerCoors, however. We have recognized that an entity affiliated with the employer or former employer of a Title VII plaintiff may be named as a

---

[3] In his *pro se* reply brief, Alam argues that "[d]efendants mislabel [him] as an 'independent contractor'" because he is "not suing as an independent contractor, but as a former employee who was unjustly led on and denied business opportunities" with MillerCoors. We do not view this as a challenge to the district court's conclusion that Alam is suing MillerCoors as an independent contractor—not as an "applicant for employment" with MillerCoors. Additionally, the argument misses the distinction between Alam's relationship with Miller Brewing and his relationship with MillerCoors. All parties agree that Miller Brewing is Alam's former employer. His relationship with MillerCoors, however, was as a vendor seeking, as Alam puts it, "business opportunities"—not employment—with MillerCoors. Additionally, as this argument was first raised in Alam's reply brief, it is waived. *See, e.g., United States v. Diaz,* 533 F.3d 574, 577 (7th Cir. 2008).

Title VII defendant if it has forfeited its limited liability. *See Worth v. Tyer*, 276 F.3d 249, 259-60 (7th Cir. 2001) (discussing how an affiliated corporation can forfeit its limited liability through "piercing the corporate veil," if it "takes actions for the express purpose of avoiding liability under the discrimination laws," or if it "directed the discriminatory act, practice, or policy of which the employee is complaining" (citation omitted)); *Papa v. Katy Indus.*, 166 F.3d 937, 941 (7th Cir. 1999) ("The basic principle of affiliate liability is that an affiliate forfeits its limited liability only if it *acts* to forfeit it—as by failing to comply with statutory conditions of corporate status, or misleading creditors of its affiliate, or configuring the corporate group to defeat statutory jurisdiction, or commanding the affiliate to violate the right of one of the affiliate's employees."). An affiliate may also be liable under Title VII through successor liability. *Id.*

The district court considered whether Alam could maintain a claim against MillerCoors based on its relationship with Miller Brewing, his former employer, but ultimately concluded that the amended complaint failed to allege facts suggesting affiliate liability. Alam does not challenge that conclusion on appeal. Instead, he argues that the district court erred in concluding that MillerCoors was not Alam's "employer" for purposes of Title VII because MillerCoors acted as Miller Brewing's "agent" in carrying out Miller Brewing's acts of retaliation. He relies upon the language in Title VII that defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or

more employees . . . and *any agent of such a person.*" 42 U.S.C. § 2000e(b) (emphasis added). But Alam fails to convince us that "agent" in 42 U.S.C. § 2000e(b) has a broad enough reach to hold MillerCoors liable as an "agent" of Miller Brewing for the conduct alleged here. The cases he cites stand for the proposition that Title VII plaintiffs may maintain a suit directly against an entity acting as the agent of an employer, *Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 17 (1st Cir. 1994); *Spirit v. Teachers Ins. & Annuity Ass'n*, 691 F.2d 1054, 1063 (2d Cir. 1982), *vacated and remanded on other grounds*, 463 U.S. 1223, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983); *Nealey v. Univ. Health Servs., Inc.*, 114 F. Supp. 2d 1358, 1367 (S.D. Ga. 2000), but only under certain circumstances, and circumstances not alleged here.

Specifically, the cases cited by Alam recognize agency liability where the agent "exercise[s] control over an important aspect of [the plaintiff's] employment," *Carparts*, 37 F.3d at 17 (citation omitted), where the agent "significantly affects access of any individual to employment opportunities," *Spirit*, 691 F.2d at 1063 (citation omitted), or where "an employer delegates sufficient control of some traditional rights over employees to a third party." *Nealey*, 114 F. Supp. 2d at 1367 (citation omitted). Here, however, Alam runs into the same problem he has with alleging a direct employment relationship with MillerCoors: he was pursuing a prospective business relationship with MillerCoors as an independent contractor through Alam & Company, not employment with MillerCoors. Alam has thus not alleged

that MillerCoors prevented him from accessing "employment opportunities" or that MillerCoors controlled any aspect of the only employment relationship alleged in the amended complaint, his former employment with Miller Brewing. We thus conclude that the district court appropriately dismissed Alam's federal claim against MillerCoors.

### C. Section 1981 Claim

Alam's final argument is that the district court erred in dismissing his amended complaint against Miller Brewing and MillerCoors because the amended complaint states a claim for race discrimination under 42 U.S.C. § 1981. As Miller Brewing and MillerCoors point out, however, Alam raises this argument for the first time on appeal, which precludes us from considering it. *See Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008) ("[I]t is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal[.]" (citations and internal quotation marks omitted)). Absent from Alam's complaint, amended complaint, and two responses to the motions to dismiss in the district court is any reference or argument regarding § 1981. And although his appointed counsel on appeal points us to our precedent requiring liberal construction of *pro se* pleadings, *e.g., Macon v. Lash*, 458 F.2d 942, 949 (7th Cir. 1972), Alam's initial and amended complaints were prepared and filed by counsel, and he was represented by counsel

during briefing on the first motion to dismiss. Accordingly, we conclude that Alam has waived this argument and the district court appropriately dismissed Alam's amended complaint against Miller Brewing and MillerCoors.[4]

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[4] Alam does not raise, and we do not find, any extraordinary circumstances warranting reversal of the district court's decision to relinquish supplemental jurisdiction over Alam's state-law claim. *See Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012) (citation omitted).