NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided June 27, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3796

| | |
|---|---|
| BETTY D. COOK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 09-CV-133-DRH |
| | |
| ILLINOIS DEPARTMENT OF | David R. Herndon, |
| CORRECTIONS, | *Chief Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Betty Cook claimed that her former employer, the Illinois Department of Corrections, refused her a promotion and pressured her to retire early from her job as a correctional counselor because of her age, then 50. At trial she testified that she was held to a more demanding standard than younger workers, was disciplined for infractions that younger workers committed with impunity, and was told that she should retire. The Department's

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

witnesses responded that Cook was disciplined for legitimate performance problems and that, far from being pushed to retire, Cook spoke daily of her longstanding plan to retire at age 50. After the jury found for the Department, Cook moved for judgment as a matter of law and, alternatively, for a new trial. The district court denied her motion, and she now renews her request for judgment as a matter of law. She also challenges the court's decision to award $5,044 in costs to the Department. Because the jury's verdict is adequately supported by evidence and the court did not abuse its discretion in granting the Department's bill of costs, we affirm the judgment.

The jury learned at trial that Cook had joined the Department as a secretary when she was 19 years old and had worked in that capacity for 28 years without ever being disciplined. Then in 2004, when several of the Department's correctional counselors retired, Cook applied to fill one of the vacant positions and was hired. At that time she was 47 years old and would be eligible for retirement in three years. Her early performance evaluations suggested that she was adjusting well to her new responsibilities, but in 2006 she began to clash with her supervisor, Ann Casey, and her evaluations turned negative. Additionally, Casey disciplined Cook on several occasions for infractions that ranged from writing an unprofessional comment about a prisoner to missing scheduled contacts with 60 of the prisoners she was counseling.

According to Cook's trial testimony, Casey's scrutiny of her work was excessive, and younger counselors who committed infractions similar to hers were not disciplined. Cook also testified that Casey belittled her in front of her colleagues and that a younger correctional counselor, Gina Feazel, harassed her on a daily basis by asking when she would retire. In addition, Cook recounted her belief that the Department had denied her a promotion because of her age. She explained that she held the position "Counselor II" and had sought the higher-paid "Counselor III" position after the only employee who held it retired. Casey assigned some of the Counselor III duties to Cook at her request but told her that her pay would not be increased and that the Department had decided to eliminate the Counselor III position.

Casey resigned in July 2007, and afterward Cook took two months of "stress leave" on her doctor's advice. When Cook returned to work, she had a new supervisor, Ty Bates, and was assigned a new case load. Her evaluations improved significantly under Bates, and she was not disciplined again. But she testified that Bates planned to alter her duties so that he could separate two other employees who did not get along. Cook did not want her duties to change and concluded that her only recourse was to retire.

Witnesses for the Department disputed much of Cook's testimony and many of her conclusions. Most pertinently, Casey (whose deposition was read to the jury because she

was out of state) testified that she appropriately disciplined Cook for performance problems and neither belittled her nor commented on her age or retirement eligibility. Feazel testified as well, and she also denied ever bringing up retirement to Cook. To the contrary, she said, it was Cook who daily brought up her own impending retirement, describing herself as a "short timer." As to Cook's contention that younger employees made mistakes with impunity while she alone was disciplined for similar behavior, the jury heard testimony that all of the incidents Cook cited either took place when the employee was still being trained, were inconsequential mistakes, or were unsubstantiated. (Indeed, Cook conceded on cross-examination that she did not know whether some of the incidents she mentioned actually had occurred.) Additionally, the jury heard from another counselor, Sena Landreth, who was two years older than Cook and had retired shortly before her. Landreth denied ever being pressured to retire or ever facing age discrimination while working for the Department. And regarding the Counselor III position, the jury heard undisputed testimony that the vacant position was never filled. Finally, Bates testified that he never intended to alter Cook's job duties and had not told her or anyone else otherwise.

After the jury found for the Department, Cook filed a renewed motion for judgment as a matter of law, *see* FED. R. CIV. P. 50, and alternatively moved for a new trial, *see id.* R. 59. In support she simply declared that the evidence presented to the jury was overwhelmingly in her favor, a contention the district court easily rejected. The court also approved the Department's bill of costs for $5,044 despite Cook's objecting to the amount as too high.

On appeal, Cook first contests the denial of her post-trial motion for judgment as a matter of law (she does not renew her request for a new trial), and her argument is essentially a restatement of her trial testimony. In reviewing the district court's ruling, we view the evidence in the light most favorable to the prevailing party—in this case the Department—and will disturb the jury's verdict only if it has no basis in the record. *May v. Chrysler Group, LLC*, Nos. 11–3000, 11–3109, 2013 WL 1955682, at *7 (7th Cir. May 14, 2013); *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012); *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011). This standard for overturning a jury verdict is difficult to meet, and Cook has not approached the threshold. At trial the jurors were presented with Cook's speculation that she was disciplined, pressured to retire, and denied advancement because of her age, but they also heard the testimony of others that she was treated fairly and chose to retire as part of her own longstanding plan. Cook offered no hard evidence of age discrimination, and under these circumstances the jury reasonably credited the testimony of the other witnesses over Cook's.

Cook also challenges the district court's approval of the Department's bill of costs. Prevailing parties are presumptively entitled to costs other than attorney's fees, FED. R. CIV. P. 54(d), and we review a court's decision to award costs for abuse of discretion.

*U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). Cook does not deny that the $5,044 awarded to the Department is for the types of costs that are recoverable—e.g., transcribing depositions and reimbursing witnesses for travel and lodging expenses, *see Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000)—but she argues that she is not obliged to cover the costs of witnesses who are Department employees. She reasons, so far as we can tell, that the Department gave its employees paid leave to testify and covered their transportation costs, meaning the employees incurred no costs themselves. But Cook did not make this argument to the district court, so it is not properly before us. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 669 (7th Cir. 2013); *Smith v. Wilson*, 705 F.3d 674, 682 (7th Cir. 2013). In any event, our deference to a district court's discretionary decision to award costs is "'virtually complete,'" *Manley v. City of Chicago*, 236 F.3d 392, 398 (2001) (quoting *Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992)), and we are at a loss to understand why Cook believes that the Department must cover the witnesses' costs, even if she is correct that the Department will cover those costs if she does not.

AFFIRMED.