In the
# United States Court of Appeals
## For the Seventh Circuit

------

No. 13-2300

BOUMATIC, LLC,

*Plaintiff-Appellant,*

*v.*

IDENTO OPERATIONS, BV,

*Defendant-Appellee.*

------

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 11-cv-822-wmc — **William M. Conley**, *Chief Judge*.

------

ARGUED FEBRUARY 20, 2014 — DECIDED JULY 22, 2014

------

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Idento Operations, BV, makes robotic milking machines in the Netherlands. Bou-Matic, LLC, which is based in Wisconsin, entered into an agreement for purchasing and reselling those machines in Belgium. BouMatic filed this suit under the international diversity jurisdiction, 28 U.S.C. §1332(a)(2), contending that Idento had broken its promises by selling direct to at least one of BouMatic's Belgian customers and by failing to pro-

vide parts and warranty service. The district court dismissed the suit, however, ruling that commercial transactions in the European Union do not expose Idento to litigation in Wisconsin even though BouMatic has its headquarters there, the parties exchanged drafts between Wisconsin and the Netherlands, and Idento shipped one machine to Wisconsin.

Before turning to personal jurisdiction, we discuss subject-matter jurisdiction. BV stands for *besloten vennootschap met beperkte aansprakelijkheid*, a label that the Netherlands applies to closely held businesses whose shares are subject to a restriction of some kind, such as a buy-sell agreement that prevents investors from selling to strangers without offering them to the business first. Unless this is treated as a corporation for the purpose of American law, we need to know the citizenship of every equity investor. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co.*, No. 12-3124 (7th Cir. July 22, 2014). This can require tracing through several layers. See *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons). BouMatic, which is organized as an LLC, has members in several states but not in the Netherlands. If Idento is treated as a corporation, or if all of its direct and indirect investors have citizenships outside the United States, subject-matter jurisdiction is established.

Classification of a foreign business entity can be difficult, see, e.g., *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011), because other nations may use subsets of the characteristics that distinguish corporations from other business entities in the United States. But

treatment of a Netherlands BV is straightforward. A BV has the standard elements of "personhood" (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued) and issues shares to investors who enjoy limited liability (which is to say, are not liable for the business's debts). Shares can be bought and sold, subject to restrictions that the business declares. That is a common device in this nation's close corporations too. We held in *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737 (7th Cir. 2004), that a professional corporation, in which only a few lawyers can invest, is a "corporation" for the purpose of §1332. It follows that other close corporations, including the Netherlands BV, satisfy that standard.

Now for personal jurisdiction, which per Fed. R. Civ. P. 4(k)(1)(A) depends on Wisconsin law. In contract cases (of which this is one), Wisconsin provides for jurisdiction over persons who perform services or sell goods in Wisconsin. Wis. Stat. §801.05(5)(a), (c). Neither of these provisions applies to Idento, for the dispute does not concern the single machine it delivered to Wisconsin. The dispute concerns Idento's provision of goods and services in Belgium. Wisconsin does not authorize personal jurisdiction just because one of the contracting parties operates in Wisconsin. This leaves only one possibility: that Idento has consented to be sued in Wisconsin, which treats consent as a valid extra-statutory basis of personal jurisdiction. *Kohler Co. v. Wixen*, 204 Wis. 2d 327, 336 (Ct. App. 1996).

BouMatic contends that, before executing a written contract, the parties agreed orally that any dispute could be resolved in Wisconsin. The written agreement does not have a forum-selection clause or a choice-of-law clause, but neither

does it have an integration clause or otherwise demonstrate that the writing represents the parties' sole agreement. To the contrary, ¶13 of the contract contemplates additional terms from other sources. This means that terms orally agreed survive the signed writing. Idento contends that it did *not* orally agree to litigate in Wisconsin. This appears to set the stage for a hearing under Fed. R. Civ. P. 12(b)(2), (i) to determine whose version of events is correct. But the district court thought a hearing unnecessary in light of forms the parties exchanged after signing their principal contract.

Paragraph 13 of the main contract provides that additional terms will come from the purchase orders and invoices that the parties exchange for particular machines. When ordering machines, BouMatic sent purchase orders that incorporated a clause specifying that litigation would occur in Wisconsin under Wisconsin's law of contracts. For its part, Idento sent invoices containing a clause specifying that litigation would occur in the Netherlands under its substantive law. Inconsistencies in commercial forms bring the situation within the scope of the Uniform Commercial Code's battle-of-the-forms provision, §2–207, which Wisconsin has enacted verbatim as Wis. Stat. 402.207. (We use Wisconsin law provisionally here, because neither side contends that Netherlands law governs this part of their dispute. Our provisional use of Wisconsin law does not imply that Wisconsin provides the rules that govern the substance of this dispute, should personal jurisdiction be established.)

Section 2–207(2) treats a form such as BouMatic's (or Idento's) as a proposal for additions to the contract and states that between merchants (which BouMatic and Idento are) these terms become part of the contract unless "the offer

expressly limits acceptance to the terms of the offer" (§2–207(2)(a)). BouMatic's purchase orders incorporate such a restriction; each says that the transactions must be on its terms and no others. When Idento replied with different terms, the purchase orders and invoices canceled each other out. This means that neither the purchase orders nor the invoices vary the terms of the preexisting contract.

The district court inferred from this that the *only* terms in force between the parties are those in the master contract. As that contract does not specify where litigation will occur, Idento has not consented to suit in Wisconsin. The problem with that approach is that the inconsistent purchase-and-sale forms countermand *each other*; they leave the parties' prior agreements unaffected. It takes a new agreement to knock out an old one, and the inconsistent forms mean that there has not been a new agreement. If the parties' prior agreements include consent to litigate in Wisconsin, then this suit can proceed.

BouMatic contends that a hearing is unnecessary because its form is the only one in the record. If Idento neglected to introduce its forms, then the record is one-sided and BouMatic's proposals (including consent to suit in Wisconsin) became part of the contract. But BouMatic is mistaken; the record has several copies of Idento's terms, which its invoices (also in the record) incorporate. And the district court added (footnote 1 of its opinion) that BouMatic has waived any contention that Idento did not send sets of terms incompatible with BouMatic's own.

According to Idento, if it agreed orally to anything (which it denies) it specified Wisconsin as a forum but did not agree to personal jurisdiction. That makes no sense. A

forum-selection clause can work only if both parties are amenable to suit in the chosen forum; to agree to a forum thus is to agree to personal jurisdiction in that forum. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 n.4 (7th Cir. 1989).

Finally, Idento asserts that it would violate the Due Process Clause of the Fifth Amendment to base personal jurisdiction on consent. That is nonsense. The Supreme Court has stated that personal jurisdiction can rest on consent. See, e.g., *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); see also *Heller Financial*, 883 F.2d at 1290. Cf. *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 568 (2013). Indeed, an argument that personal jurisdiction is missing can be forfeited by delay in moving to dismiss. Fed. R. Civ. P. 12(h)(1).

Litigants cannot confer subject-matter jurisdiction by agreement or omission, but personal jurisdiction is a personal right that a litigant may waive or forfeit. Idento maintains that only "freely negotiated" forum selection clauses can be enforced. Put to one side the fact that the Supreme Court has enforced a clause preprinted in tiny type on the back of a cruise ticket and not "negotiated" at all. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). Nor is personal jurisdiction achieved when the defendant forfeits its objection "freely negotiated." At all events, Idento does not contend that anyone twisted its (corporate) arm. If it agreed with BouMatic on a Wisconsin forum, in a manner compatible with contract (i.e., without fraud), no more is necessary.

A few additional arguments have been considered but do not require discussion.

There is no shortcut; a hearing is essential. The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.