NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued September 16, 2014

Decided September 18, 2014

## Before

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 13-3713 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| INSTEP SOFTWARE LLC, *Plaintiff-Appellee*, | |
| *v.* | |
| INSTEP (BEIJING) SOFTWARE CO., LTD., *Defendant-Appellant*. | No. 11 C 3947 John W. Darrah, *Judge*. |

## Order

InStep Software asked the district court to declare that Instep (Beijing) Software is no longer authorized to sell or license InStep's products. The district court entered judgment in InStep's favor, and Instep (Beijing) has appealed.

As the names suggest, the two parties are related: InStep is among the equity investors in Instep (Beijing). This means that the requirements of subject-matter jurisdiction under 28 U.S.C. §1332(a)(2) are satisfied only if Instep (Beijing) is treated as having its own citizenship, independent of the citizenships of its investors. If the citizenships of InStep's members (for InStep is itself not a corporation) are imputed to Instep (Beijing), complete diversity is missing.

In the district court, InStep argued, and the judge found, that Instep (Beijing) is a citizen of China (and only China) because Chinese law treats it as a "juridical person." Our decision in *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co.*, No. 12-3124 (7th Cir. July 22, 2014), shows that this approach is untenable.

That leaves the question whether Instep (Beijing) has attributes sufficiently similar to those of a corporation organized in the United States. See, e.g., *BouMatic, LLC v. Idento Operations, BV*, No. 13-2300 (7th Cir. July 22, 2014). At oral argument counsel disagreed about just what attributes Instep (Beijing) possesses—could not agree, indeed, on what kind of entity it is as a matter of Chinese law. Instep (Beijing) calls itself a "common law joint venture." InStep calls it both a "limited liability company" and a "Chinese – foreign equity joint venture."

Instead of attempting to resolve factual disputes in this court, we think it prudent to remand so that the district court may determine, in the first instance, (a) what kind of business form Instep (Beijing) has; (b) what attributes such a form possesses under Chinese law (for example, does it have alienable shares, and what role does the government of China play in determining the venture's duration and ownership?); and (c) whether a business organization of this kind should be treated as a corporation for the purpose of §1332, given the analysis in *Fellowes* and *BouMatic*.

If the district court finds that Instep (Beijing) is not a corporation, the case must be dismissed for lack of subject-matter jurisdiction. If Instep (Beijing) is a corporation, the judgment on the merits should be reentered. Any appeal from the new decision will return to this panel.

VACATED AND REMANDED