WELLNESS INTERNATIONAL
NETWORK, LTD., et al.,
Plaintiffs–Appellees,

v.

Richard SHARIF, Defendant–Appellant.

No. 12–1349.

United States Court of Appeals,
Seventh Circuit.

Submitted June 29, 2015.

Decided Aug. 4, 2015.

Gina M. Krol, Attorney, Cohen & Krol, Chicago, IL, Michael J. Lang, Attorney, Gruber Hurst Johansen Hail Shank LLP, Dallas, TX, for Plaintiffs–Appellees.

William J. Stevens, Attorney, Bridgman, MI, for Defendant–Appellant.

Before JOEL M. FLAUM, Circuit Judge, DIANE S. SYKES, Circuit Judge and DAVID F. HAMILTON, Circuit Judge.

## ORDER

Richard Sharif filed for Chapter 7 bankruptcy, and his creditors—Wellness International Network, Ltd., and its owners—initiated an adversary proceeding in the bankruptcy court. His creditors sought, among other things, a declaration that a trust Sharif administered was actually his alter ego, and that the trust's assets should be considered part of his bankruptcy estate (Count V). The bankruptcy court entered a default judgment against Sharif in the adversary proceeding on all counts, and he appealed to the district court. Before he filed his opening brief in the district court, the Supreme Court decided *Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), which held that bankruptcy courts cannot enter final judgment on claims that would otherwise "exis[t] without regard to any bankruptcy proceeding." *See id.* at 2618. In his opening brief, Sharif passed up any opportunity to argue that *Stern* required an Article III judge to enter judgment on the alter-ego claim. More than five months later, Sharif sought permission to file a supplemental brief raising the *Stern* issue. The district court denied his request as untimely and affirmed the bankruptcy court's judgment.

Sharif appealed to this court but repeated his previous mistake and did not address *Stern* in his opening brief. Rather, he waited until filing his reply brief to assert that the bankruptcy court lacked constitutional authority under *Stern* to decide whether the trust was his alter-ego. In our first decision in this case, we explained that Sharif normally would have forfeited his *Stern* objection by waiting too long to raise the issue, but we concluded

that we could not enforce the forfeiture because Sharif's contention involved "structural concerns." *Wellness Int'l Network, Ltd. v. Sharif,* 727 F.3d 751, 767, 771, 773 (7th Cir.2013) (internal quotation marks omitted). And on Count V we concluded that the bankruptcy court had no authority to decide whether the trust was Sharif's alter ego. The Supreme Court then granted certiorari to address whether objections based on *Stern* may be waived or forfeited. The Court concluded that a litigant's entitlement to "an Article III adjudicator is a 'personal right' " that may be waived through the knowing and voluntary consent of the parties. *See Wellness Int'l Network, Ltd. v. Sharif,* —— U.S. ——, 135 S.Ct. 1932, 1944–45, 191 L.Ed.2d 911 (2015). The Supreme Court directed us to decide whether Sharif consented to adjudication by the bankruptcy court or whether he forfeited his *Stern* objection by waiting to raise it.

We conclude that Sharif forfeited his *Stern* argument when he was first before us. The Supreme Court's decision made clear that a litigant's right to an Article III adjudicator is "a personal right," and, thus, can be waived through consent. *See id.* As such, this personal right can also be forfeited if not properly raised. *See id.* (directing court on remand to decide whether Sharif forfeited objection); *Bou-Matic, LLC v. Idento Operations, BV,* 759 F.3d 790, 793 (7th Cir.2014) (explaining that party's jurisdictional challenge implicated a "personal right" and could be waived or forfeited); *Yakus v. United States,* 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944) (stating that "[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right."). We explained in our earlier decision that Sharif waited too long

to raise his *Stern* objection because he did not mention the issue until his reply brief. *See Wellness Int'l Network, Ltd.,* 727 F.3d at 767; *see also Bracey v. Grondin,* 712 F.3d 1012, 1020 (7th Cir.2013) (stating that court will not address assertions first raised in litigant's reply brief); *Alam v. Miller Brewing Co.,* 709 F.3d 662, 668 n. 3 (7th Cir.2013) (same); *Dye v. United States,* 360 F.3d 744, 751 n. 7 (7th Cir. 2004) (same). Although we concluded initially that we could not enforce the forfeiture, the Supreme Court has since made clear that we can. *See Wellness Int'l Network, Ltd.,* 135 S.Ct. 1932. By waiting until his reply brief to challenge the bankruptcy court's authority to decide the alter-ego claim, Sharif failed to preserve his challenge, and we will not address the issue. Accordingly, the district court's decision as to Count V is AFFIRMED. The bankruptcy court's fee awards are also REINSTATED.