NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 10, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3451

| | |
|---|---|
| ERIN EILER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:16-cv-285-WTL-DML |
| KEVIN K. McALEENAN, | |
| *Acting Secretary of Homeland Security, et al.,* | William T. Lawrence, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Erin Eiler brings this suit for employment discrimination against Covenant Aviation Security, which fired her as a baggage screener in 2009, and the federal Transportation Security Administration, which refused to hire her three years later. As relevant to this appeal, the district court correctly dismissed claims against Covenant

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for failure to pursue administrative remedies, dismissed other allegations for failure to state a legal claim, and properly entered summary judgment for the federal defendants on the rest of the case. Therefore, we affirm.

We describe the facts as the defendants presented and supported them in moving for summary judgment because Eiler neither responded to nor contested them, and we construe them in Eiler's favor. *See* S.D. Ind. L.R. 56-1(f); *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Eiler worked for one month in 2009 as an at-will baggage screener at a small airport. Her employer, Covenant Aviation Security, operated under contract with the Transportation Security Administration. Covenant fired her because she was unwilling to work in baggage. Three years later, Eiler applied to work for the TSA as a transportation security officer. Because a background check revealed her significant adverse credit history, the TSA declined to hire her.

Soon after, Eiler filed an administrative charge with the Equal Employment Opportunity Commission against only the TSA. She alleged that the TSA had discriminated against her by firing her in 2009 and refusing to hire her in 2012. An administrative judge dismissed her charge, and the EEOC approved the dismissal. The EEOC ruled that Eiler had not timely pursued her allegations about the 2009 discharge, and, in any case, she had not been an employee of the TSA. Also, the EEOC explained, Eiler had failed to support with adequate evidence her claim about events in 2012.

Eiler then sued the Secretary of Homeland Security (who oversees the TSA), other federal entities, and Covenant for race, disability, and age discrimination under several federal laws. On Covenant's motion, the district court dismissed Covenant because, as Eiler conceded, she had not named Covenant in her EEOC charge and thus had not pursued administrative remedies against it, as federal laws required. As to the Secretary and other federal defendants, the district court dismissed for failure to state a claim Eiler's allegations under the laws she had invoked against them: the Equal Pay Act, 29 U.S.C. § 206(d); the Americans with Disabilities Act, 42 U.S.C. § 12112; the Age Discrimination in Employment Act, 29 U.S.C. § 633a; the Rehabilitation Act, 29 U.S.C. § 794; and 42 U.S.C. § 1981. Finally, the district court entered summary judgment for the Secretary on Eiler's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. It ruled that Eiler was not a TSA employee in 2009, and that she had provided no evidence on which a reasonable jury could conclude that the TSA refused to hire her in 2012 because she belonged to a protected class.

On appeal Eiler argues only that, in dismissing Covenant, the district court erred by failing to consider her evidence of Covenant's wrongdoing. But Covenant was properly dismissed because Eiler had not pursued her administrative remedies against it. Before bringing a Title VII, ADEA, or ADA suit against Covenant for race, age, or disability discrimination, Eiler needed to name Covenant in an EEOC charge filed within 300 days of the unlawful practice. *See* 42 U.S.C. § 2000e-5(e); *Groesch v. City of Springfield*, 635 F.3d 1020, 1024 n.2 (7th Cir. 2011) (Title VII); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (ADEA and ADA). Eiler concedes that she did not, and her attachments to her amended complaint and response to Covenant's motion to dismiss confirm this concession. (Because she offered these documents, we may consider them in reviewing the district court's dismissal. *See Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018); FED. R. CIV. P. 10(c).) Eiler has thus presented "facts that establish an impenetrable defense to [her] claims." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Eiler responds that, because the EEOC's dismissal order mentions that Covenant fired her in 2009, she did not need to name it in her EEOC charge. But she was required to give the EEOC reason to investigate a charge of discrimination against Covenant, not merely to mention Covenant. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013). By not naming Covenant, she did not properly exhaust administrative remedies for the claim, and the district court properly dismissed it.

We see no arguments in Eiler's brief regarding the TSA and the other federal defendants, but any potential arguments would fail on the record before the district court. First, she offered no evidence to show she was a federal employee in 2009 or that the TSA refused to hire her in 2012 because of her bad credit history. Thus, a reasonable jury could not return a verdict in her favor. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). Second, the district court rightly dismissed her other allegations against the federal defendants for failure to state a claim. Her age-discrimination claim failed because, when she was not hired in 2012, she was only 34 years old. *See* 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). She did not state a claim under 42 U.S.C. § 1981 because the statute does not apply to actions taken under color of federal law. *See Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725 (7th Cir. 2000). Her claim under the Rehabilitation Act failed because the Act does not apply to security screeners. *See Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011). And her claim under the Equal Pay Act was rightly dismissed because she alleged no gender-based discrimination in pay.

We have reviewed Eiler's remaining arguments, but none has merit.

AFFIRMED